NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELI AND CAROL PEER, | : | |
| | : | Civ. No. 02-1462 (GEB) |
| Plaintiffs, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| US AIRWAYS, GROUP, INC. and JOHN DOES 1-10 | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon Motion by Defendant U.S. Airways, Inc. (hereinafter "Defendant") appealing a portion of Magistrate Judge Hughes' April 16, 2007 Order [Docket Entry # 32].  The Court, having read and fully considered all of the parties' submissions, has decided this matter without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons discussed below, Defendant's appeal is denied.

**I.    BACKGROUND**

As the facts are well known to the parties, the Court will give only a brief description of the issues and procedural posture of the case.  On August 25, 2000, after the completion of a cruise to the Carribean, Plaintiffs' disembarked from the ship and entered the Port of Miami's indoor area to check-in for their flight home.  That flight was booked on U.S. Airways.  Plaintiffs approached the check-in location for Defendant.  At this point, the parties dispute the events that occurred.  Defendant asserts that when Plaintiffs approached the counter, they were informed that

there was a pending hurricane and that their flight had changed.  They were further informed, Defendant alleges, that Plaintiffs would have to go to the Miami Airport to check in.  Defendant asserts that at this point, Plaintiff Eli Peer became irate, refusing to listen to the customer service agent and videotaping Defendant personnel, despite the fact that signs posted throughout the port prohibited all camera use.  Defendant further argues that after Plaintiff Eli Peer began videotaping Defendant personnel, that another customer service agent who was also working at the counter walked toward Plaintiff Eli Peer and asked him to put away his camera.  Defendant alleges that Plaintiff Eli Peer refused to put the camera away, and instead "pushed" the camera directly towards the customer service agent's face.  Defendant asserts that the customer service agent "moved" the camera away from his face and walked away.  (Def. Motion, pp. 2-3).  Plaintiffs argue, however, that Plaintiff Eli Peer was "assaulted" by the customer service agent, and that other witnessing agents were negligent in responding to the situation.  (Compl.).

  Plaintiffs' Complaint was filed on April 2, 2002.  (Docket Entry #1).  Pretrial procedures, including discovery, were stalled on two separate occasions due to two intervening bankruptcy petitions filed by Defendant.  (Plt. Motion, p. 1; Docket Entry ##'s 7, 11, 12).  After the bankruptcy petitions were addressed, the parties engaged in discovery, the parties were sent to arbitration, and Plaintiff requested trial *de novo*.  (Docket Entry ##'s 19, 22).  On March 12, 2007, Plaintiffs filed a Motion to exclude certain deposition testimony.  (Docket Entry # 30).  On April 16, 2007, Magistrate Judge Hughes granted and denied in part Plaintiffs' Motion.  (Docket Entry # 31).  On April 26, 2007, Defendants filed the instant appeal.  (Docket Entry #'s 32).

## II. DISCUSSION

### A. Standard of Review

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."[1] 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1); *see also*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213-14 (D.N.J.1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *Lithuanian Commerce*, 177 F.R.D. at 213. Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. *Cardona v. Gen. Motors Corp.*, 942 F. Supp. at 971 (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994). The court, however, will review a magistrate judge's legal conclusions under *de novo* review. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

---

[1] A party objecting to a magistrate judge's order may, within ten days of service of the order, serve and file objections with the district judge. FED. R. CIV. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Id.*; *see also* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3069 ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). The deferential standard of review is particularly appropriate in the case where the Magistrate Judge managed the case from the outset, and thus has a thorough knowledge of the proceedings. *Cooper Hosp.*, 183 F.R.D. at 127 (quoting *Public Interest Research Group v. Hercules, Inc.*, 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir.1995)).

  **B.**  **Defendant's Appeal**

    **i.**  **Testimony of Maria Diez**

Defendant's appeal focuses on those portions of Magistrate Judge Hughes' prior Order which exclude certain testimony of witness Maria Diez's *de benne esse* deposition. Specifically, Defendant asserts that there are three "sections" of Ms. Diez's deposition transcript that were objected to by Plaintiffs and "improperly excluded" by Magistrate Judge Hughes.

Maria Diez, a former employee of Defendant, was identified as being at the port at the time of the incident and a significant portion of her deposition was dedicated to what she directly observed. However, Ms. Diez had also testified about issues which Defendant identifies as "inextricably related" to the incident in question.

      *a.*  *section one*

The first section of Ms. Diez's testimony ruled upon by Magistrate Judge Hughes that Defendant appeals is, in pertinent part, as follows:

> Q. Ms. Diez, based on your observations, did you form an opinion as to Mr. Peer's emotional state?
>
> A. Yes. I mean, I thought he was, he was - I though he was - what would the word be. He was unreasonable. He was unreasonable, given the circumstances that, that there was an irregular weather event that had occurred. I felt with many passengers, and when there's been weather events at the airport, very rarely do I see that kind of behavior where, where they don't understand.

This testimony was objected to by Plaintiffs. Magistrate Judge Hughes determined that the testimony was irrelevant pursuant to Federal Rules of Evidence (hereinafter "FRE") 401 and 402, alternatively holding that the aforementioned testimony was inadmissible lay opinion testimony by a lay witness pursuant to FRE 701 as well as testimony lacking personal knowledge pursuant to FRE 602.

    Defendant appeals this ruling, arguing that: (1) the testimony is relevant pursuant to FRE 401 because it demonstrates that Plaintiff Eli Peer's behavior was unreasonable, and that the U.S. Airways response was appropriate; (2) the testimony is not an inadmissible lay opinion because it is rationally based on her perception, helpful to a clear understanding of the witness' testimony and not based on scientific or other specialized knowledge under FRE 602; and (3) Ms. Diez's statement was based on personal knowledge as she witnessed the incident, pursuant to FRE 602.

    This Court need not address the alternative basis provided by Magistrate Judge Hughes and challenged by Defendant as that portion of Ms. Diez's testimony is clearly irrelevant under FRE 401 and 402. FRE 401 defines "relevant evidence" as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant. FRE 402 discusses the admissibility of relevant evidence and states "[a]ll relevant evidence is admissible, except as

otherwise provided by the Constitution . . .by an act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority . . . evidence which is not relevant is not admissible."

In consideration of the instant testimony, it is clearly irrelevant whether Ms. Diez thought Plaintiff Eli Peer's behavior was rational or irrational, as Ms. Diez's assumption does not tend to make an existence of a fact more or less probable.  Further, Ms. Diez's comments regarding other passengers rationality regard weather delays does not lend itself to any fact in question in this civil action, let alone a fact of consequence.

As such, Magistrate Judge Hughes' April 16, 2007 Order regarding the "first section" of Ms. Diez's deposition testimony is affirmed as it was neither clearly erroneous nor contrary to the law.

### b.     section two

The second section of Ms. Diez's testimony ruled upon by Magistrate Judge Hughes that Defendant appeals is, in pertinent part, as follows:

> Q.   Did you hear any comments from any of the passengers about what was taking place [at the port]?
> A.   Yes.
> Q.   What did you hear?
> A.   They offered to - there were a couple of people that offered to serve as witnesses on our behalf, and that he, and that Mr. Peer had created this scene unreasonably.

Magistrate Judge Hughes determined that the testimony was "pure hearsay" pursuant to FRE 802 and alternatively irrelevant pursuant to FRE 401 and 402.

Defendant appeals this ruling, arguing that: (1) the testimony is relevant pursuant to FRE 401 because it demonstrates that Plaintiff Eli Peer's behavior was unreasonable, and that the U.S.

6

Airways response was appropriate; and (2) the testimony is not hearsay because it is not being offered to prove the truth of the matter asserted, but rather, is being offered to prove the other passengers' perception of the incident.

Again, this Court will not address the alternative basis provided by Magistrate Judge Hughes and challenged by Defendant as Ms. Diez's testimony in this regard is definitively hearsay under FRE 802.  Hearsay is defined in FRE 801 as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 802 states, in pertinent part, that "[h]earsay is not admissible . . ."

Here, Ms. Diez's statement that other passengers told her that Plaintiff Eli Peer was being unreasonable is textbook hearsay.  The statements were made by other individuals, but being propounded by Ms. Diez, and the statements are being offered to prove the truth of the matter asserted, that is, that Plaintiff Eli Peer was being unreasonable.  The statements are therefore hearsay pursuant to FRE 801.

Further, the Court concludes that no hearsay exception is applicable to the statement at bar.  Defendant argues that both the present sense impression and excited utterance exceptions are applicable to the statement in question.  However, for a statement to qualify as an "excited utterance" the statement must have been made under "the stress of excitement . . ." and the underlying event prompting the statement must have been "shocking or exciting . . ." (*U.S. v. Mitchell*, 145 F.3d 572, 577 (3d Cir. 1998)), neither of which has been evidenced to be present here.  Further, for a statement to qualify as a present sense impression the declarant must have personally perceived the event described and the declaration and the event described must be contemporaneous.  *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998).  Here, however,

Defendant fails to offer any evidence to show that the statements offered by Ms. Diez were made contemporaneously with Plaintiff Eli Peer's alleged unreasonable behavior. As such, the instant testimony by Ms. Diez is inadmissible pursuant to FRE 802. Magistrate Judge Hughes' April 16, 2007 Order regarding the "second section" of Ms. Diez's deposition testimony is therefore affirmed as it was neither clearly erroneous nor contrary to the law.

      *c.*    *section three*

The third section of Ms. Diez's testimony ruled upon by Magistrate Judge Hughes that Defendant appeals is a statement made by Ms. Diez on redirect after she was asked by counsel for Defendant what she meant when she previously testified on cross examination that Plaintiff Eli Peer "wasn't successful" in inciting other passengers. Ms. Diez answered that: "[t]hey - I think they felt that he, that he was being unreasonable, and maybe even abusive towards us."

Magistrate Judge Hughes sustained Plaintiffs' subsequent objection to the aforementioned testimony, ruling that it was irrelevant pursuant to FRE 401 and 402.

Defendant appeals this ruling, arguing again that the testimony is relevant pursuant to FRE 401 because it demonstrates that Plaintiff Eli Peer's behavior was unreasonable, and that the U.S. Airways response was appropriate.

Ms. Diez's statement in this context is indeed irrelevant. This Court previously concluded that Ms. Diez's determination of Plaintiff Eli Peer's behavior was irrelevant, and likewise concludes that her impression of what other individuals thought of Plaintiff Eli Peer's behavior is also irrelevant. Neither Ms. Diez nor other individuals assumptions make an existence of a fact more or less probable under FRE 401. As such, the instant testimony by Ms. Diez is inadmissible pursuant to FRE 401 and 402. Magistrate Judge Hughes' April 16, 2007

Order regarding the "third section" of Ms. Diez's deposition testimony is therefore affirmed as it was neither clearly erroneous nor contrary to the law.

### III.  CONCLUSION

For the foregoing reasons, Defendant's appeal is denied and Plaintiffs' appeal is granted. An appropriate form of order accompanies this Memorandum Opinion.


Dated:        May    30    , 2007


                                                               s/Garrett E. Brown, Jr.
                                                               **GARRETT E. BROWN, JR.**
                                                               **CHIEF UNITED STATES DISTRICT JUDGE**